Citation Nr: 1536754 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 04-09 608 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss disability.
 
2. Entitlement to service connection for a bilateral hip disorder, to include as secondary to a service-connected left knee disability. 

3. Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to a service-connected left knee disability.


REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Attorney at Law


ATTORNEY FOR THE BOARD

E.I. Velez, Counsel

INTRODUCTION

The Veteran had active military service from April 1971 to July 1972. 

This appeal comes to the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Department of Veterans Affairs (VA) Regional Offices (ROs) in Wichita, Kansas and St. Louis, Missouri. The Veteran subsequently relocated and jurisdiction of his claims was transferred to the RO in St. Louis, Missouri. 

This case was first before the Board in August 2005, when the Board remanded the issue of new and material evidence for service connection for bilateral hearing loss disability, and service connection for depression and a hip disability, for further development. Other issues were adjudicated which are not pertinent to the present appeal. 

In April 2009, the Board denied the new and material evidence and service connections issues. The Veteran appealed the denial to the U.S Court of Veterans Appeals (Court). 

In a June 2011 Memorandum Decision, the Court vacated the Board's 2009 decision as to the new and material evidence and service connections issues and remanded the appeal to the Board. Specifically, the Court held that the Board failed to consider competent lay statements from the Veteran and failed to properly consider whether VA examinations as to etiology were warranted by the evidence of record. 

In September 2011, the Board sent a letter to the Veteran and his attorney informing him that he had 90 days to submit additional evidence with an indication as to whether he desired a remand for the Agency of Original Jurisdiction (AOJ) to consider the evidence or whether he waived this right. See generally 38 C.F.R. § 1304 (2014). In response, in December 2011, the Veteran and his attorney submitted additional argument and medical treatise evidence with a waiver of AOJ consideration. 

In March 2012, the Board reopened the bilateral hearing loss claim on the basis of new and material evidence, and remanded the underlying claim on the merits for further development. The Board also remanded the remaining service connection issues to the RO for further development which included affording the Veteran additional VA examinations. 

In August 2013, the Board remanded the claims for further development. Specifically, the Board requested that addendum etiology opinions be obtained.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for bilateral hearing loss disability, and, a bilateral hip disability and an acquired psychiatric disorder, both to include as due to the service connected left knee disability. After a review of the claim file, the Board finds that additional development is needed prior to deciding the issues. The Board regrets the additional delay; however, the requested development is needed to ensure due process.

The issues were most recently remanded by the Board in August 2013. At the time, the Board requested that addendum etiology opinions be obtained from the VA examiners who had previously conducted VA examinations. For various reasons, as will be detailed below, the Board finds that the addendum opinions are either inadequate or additional opinions are needed.

In regards to the bilateral hearing loss disability, the examiner was requested to provide an addendum opinion to ascertain whether the Veteran's bilateral hearing loss is related to acoustic trauma during service. Following the Board's remand, an opinion was obtained in September 2013. At the time, the examiner stated that bilateral hearing loss disability was less likely as not due to noise exposure in service because if it had been due to noise exposure in service, the Veteran's hearing loss would be worse than it currently was. The examiner further stated that, however, the etiology of the Veteran's hearing loss disability could not be determined without resorting to mere speculation.

A second etiology opinion was obtained in May 2015. The examiner noted that there were no service treatment records to be reviewed. The examiner further stated that an etiology opinion could not be provided without resorting to speculation as the service treatment records were not available. The examiner further stated that if the service treatment records were provided, an etiology opinion would be given.

Initially, the Board notes that the RO has not issued a new supplemental statement of the case (SSOC) since the May 2015 VA examination. The record does not reflect that the Veteran or his attorney have waived Agency of Original Jurisdiction (AOJ) initial review of this evidence. On the contrary, in letters dated in July 2015, the Veteran's attorney complains that she was not aware that VA examinations had been conducted since the Board's 2013 remand as she had not been provided copies of these examinations. Therefore, an SSOC should be issued.

Moreover, the May 2015 medical opinion is inadequate. A review of the claim file shows that service treatment records are part of the Veteran's VBMS file. It is unclear as to why the May 2015 VA examiner did not see these records. However, as they are available, a new opinion should be obtained which should be provided after a review of the service treatment records. 

In regards to the bilateral hip disability, an addendum opinion was obtained in September 2013. At the time, the examiner found the Veteran did not have a hip disability mainly based on x-rays done at the time of the September 2012 VA examination which showed no arthritis of the hip. No new x-rays were done at the time of the addendum opinion. The Veteran has argued that the September 2013 addendum opinion is inadequate as new x-rays should have been obtained prior to the addendum opinion. This is particularly important as prior x-rays of the hip had shown arthritis of the hip. The Board agrees that new x-rays should have been taken, particularly given the prior x-ray findings of arthritis of the hip. Moreover, it is now almost three years since the last x-rays of the hip we obtained. Accordingly, the Board finds that a new examination and opinion are needed which includes new hip x-rays.

In regards to the acquired psychiatric disorder, a new addendum opinion was also obtained in September 2013. The examiner stated that while some small portion of the Veteran's previously noted depressive symptoms may have been loosely related to his knee injury, "the vast majority of his depressive symptomology appears to have been linked to poor quality of life and." The page number of this quotation is 152. The VBMS file does not contain a page 153. There is a page 154 that reads "This page is intentionally left blank". The Board notes that it appears that the September VA addendum medical opinion is incomplete. Indeed, the last page of the report ends in "and" which is not followed up by any other page with contents. Therefore, on remand, the complete addendum opinion must be obtained. 

Additionally, the Veteran has argued that the addendum opinion is inadequate in two ways. One, the examiner found at the time of the addendum opinion, that the Veteran did not have depression. This was done without the benefit of an additional examination. However, the Veteran argues that his depression is cyclical and that a new examination should have been conducted to properly determine if he continued to suffer from depression. The Board agrees.

Moreover, the Veteran has argued that the examiner failed to consider the relationship between the Veteran's life stressors such as homelessness and unemployment, which were deemed as some of the causes for his depression, and his service connected disabilities, to include his left knee disability. The Veteran argues that it is his service connected disabilities which have caused the life stressors that have been related to his depression. Given this argument, the Board finds that a new opinion is needed. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claim file the complete report of the September 2013 addendum VA medical opinion. All efforts should be clearly documented in the claim file. If the report is unavailable, a reason for its unavailability should be clearly noted on the record. 

2. The AOJ/RO should return the file to the VA examiner who conducted the May 2015 audiological examination and ask that a new opinion be provided. The examiner should be given access to the Veteran's file and more specifically should be given access to the service treatment records within the Veteran's file. The examiner should state in the examination report that a review of the claim file, to include the service treatment records, was conducted.

An additional review of the claims file is imperative. The Board calls the examiner's attention to the following: 

a. The Department of Defense's Duty MOS Noise Exposure Listing indicating that the Veteran's MOS as a boatswain's mate involved a "high" probability of noise exposure. 

b. The Veteran filed a service connection claim for hearing loss in September 1972.

c. A November 1994 nursing record indicating that he was "hard of hearing."

d. The July 2012 VA examination report and opinion.

In the requested opinion, the examiner should address whether the Veteran's bilateral hearing loss began during active service, is related to any incident of service, or manifested within one year of separation from service. 

In doing so, the examiner must specifically address: 

a. The Veteran's MOS as a boatswain's mate and DOD's determination that a boatswain's mate is exposed to a "high" probability of noise exposure; 

b. The Veteran's September 1972 claim of entitlement to service connection for hearing loss which reportedly was prior to his motorcycle use (see attorney's January 2013 written argument);

c. His report of one year of post-civilian occupational exposure in construction and one year of post-civilian occupational exposure in maintenance and carpentry.

d. His competent report of having had continuous hearing difficulty since service discharge. 

A complete rationale should be provided for any opinion expressed and conclusion reached.

3. The AOJ/RO should schedule the Veteran for a VA examination, with a different examiner than the one who conducted the September 2012 VA examination and provided the September 2013 addendum opinion, to determine the nature and etiology of any bilateral hip disability the Veteran may currently have. A complete physical examination, to include new x-rays of the hips, must be conducted. The claim file should be made available to the examiner and the examiner must state that a review of the claim file was conducted.

Although an additional review of the claims file is imperative, the examiner's attention is drawn to the following: 

a. VA and private treatment records with X-ray reports dated in the 1990s and 2000s document bilateral hip pain and arthritis. 

b. The Veteran also credibly reported bilateral hip pain during the 1990s and 2000s. There is some suggestion of a secondary relationship to the left knee. 

c. A March 1990 statement in which the Veteran describes unbearable pain in his knee that "goes up to my hip and down to my foot." 

d. An April 1993 medical record noting the Veteran's complaints of both left knee pain and right hip pain. 

e. A May 1994 document noting the Veteran's complaints of pain in his, hips, that "comes from my left side." 

f. A September 1994 medical record showing the Veteran's complaints of pain in his left knee and both hips. 

g. X-rays of the right hip taken at VA in September 1994 showing minimal arthritic changes. 

h. An October 1994 VA discharge summary record showing Axis III diagnosis of osteoarthritis of both hips. 

i. In November 1994, the Veteran complained of hip pain status- post injury in service.

j. A June 2002 VA examination report in which the Veteran described his habit of compensating for his left knee which results in pain in other areas.

k. July 2005 x-rays revealing degenerative changes in both hips.

l. Internet medical treatise evidence suggesting that back problems can cause hip pain. 

m. The Veteran's assertion that he places increased stress and pressure on his hips on account of his left knee disability. See January 2003 claim; December 2003 representative statement; December 2011 attorney letter.

n. The September 2012 VA examination report and medical opinion finding no current pathology in either hip.

In the requested opinion, the examiner must clarify whether the Veteran has a current bilateral hip disability, and in doing so, must reconcile the opinion with the prior diagnosis of arthritis shown in 1994 and July 2005.

If the examiner determines that a bilateral hip disorder currently exists, he should then determine whether it began in service, is otherwise related to service, or alternatively, whether it is proximately due to or the result of the Veteran's service-connected left knee or low back disabilities. Reconcile this opinion with all evidence, to include the Veteran's lay statements and internet medical treatise information. 

A complete rationale should be provided for any opinion expressed and conclusion reached.

4. The AOJ/RO should schedule the Veteran for a new psychiatric examination, with a different VA examiner than the one who conducted the September 2012 and provided the September 2013 addendum opinion, to determine the nature and etiology of any psychiatric disability the Veteran may currently have. The claim file should be made available to the examiner and the examiner must state that a review of the claim file was conducted.

Although an additional review of the claims file is imperative, the examiner's attention is drawn to the following: 

a. VA and private treatment records dated in the 1990s and 2000s documenting treatment for poly-substance abuse and dependence, an anxiety disorder, a depressive disorder, and a schizoid adaptation, among other diagnoses. 

b. The Veteran's reports mental health issues in the 1990s and 2000's. In several records, he indicates his first alcohol abuse began around 1978. There is some suggestion of a secondary relationship to the left knee. 

c. A March 1993 medical record documenting a psychologist reporting that the Veteran experiences "heroic fantasies" about a tour of duty in Vietnam, and that he broods about being cheated out of that experience by his injury. 

d. A May 1993 mental health evaluation report in which the Veteran described how his left knee injury kept him from going to Vietnam, and then stated, "I felt cheated." These medical and lay statements potentially link his depression and substance abuse to his service-connected left knee. 

e. An August 1994 medical record showing that the Veteran told the examining physician that "the cause of his using drugs is to relieve his knee pains." 

f. Internet medical treatise evidence indicating that depression can be secondary to chronic pain from orthopedic disorders. 

g. The Veteran's statement that his current psychiatric disorder is secondary to his left knee disability. He says his service-connected left knee injury caused depression and guilt because he was not able to go to Vietnam. See August 2003 claim; December 2003 representative statement; December 2011 attorney letter. 

h. The July 2012 VA examination report and opinions.

In the requested opinion, the examiner is asked to address the following:

a. Indicate all psychiatric disorders currently shown since the date of the claim in 2001, to include depressive disorder and an anxiety disorder with depressive features, and address and explain why the Veteran's alcohol and substance dependence is not an underlying symptom of any diagnosed psychiatric disorder. 

b. For any acquired psychiatric disorder currently shown, clarify whether it is proximately due to, the result of, or alternatively chronically aggravated or worsened by the Veteran's left knee disability. 

c. If the examiner finds that any acquired psychiatric disorder currently shown is due to circumstances of life, such as inability to work or homelessness, the examiner should state to what degree these have been caused by the service connected disabilities.

If the examiner believes that there is chronic aggravation or worsening of any current acquired psychiatric disorder by the left knee, he should also provide a medical opinion as to the degree of identifiable increased disability that has been produced by the aggravation. If the degree of increased disability cannot be quantified, the examiner should so indicate.

A complete rationale should be provided for any opinion expressed and conclusion reached.

5. The RO must review the claims file and ensure that all of the foregoing development actions have been conducted and completed in full. If any development is incomplete, appropriate corrective action is to be implemented. If any report does not include adequate responses to the specific opinions requested, it must be returned to the providing physician for corrective action. See Stegall v. West, 11 Vet. App. 268, 271 (1998).
 
6. Then adjudicate the claims in light of this and all other additional evidence. If the claims are not granted to the Veteran's satisfaction, send him and his representative an SSOC and give them an opportunity to submit additional evidence and/or argument in response before returning this claim to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).